# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARTIN and LORI GRIEGO, Individually
and as Next Friend of DIEGO GRIEGO,
a Minor, HUNTER GRIEGO, a Minor and
JOSE VARELA, a Minor,

      Plaintiffs,

vs                                                No.  CIV-06-0852 JH/LCS

COOPER TIRE & RUBBER COMPANY,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** having comes before the Court on Plaintiff's Motion to Extend Deadline for Filing Closing Documents and to Compel Settlement, filed April 25, 2008. (Doc. 109.)  On June 10, 2008, the United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. 113.)  The United States Magistrate Judge, having considered the motion, the briefs, the record, the relevant law, and being otherwise fully advised, recommends that the motion be **GRANTED**.

      I.      BACKGROUND

The parties reached a settlement agreement, which was considered by the Court at a fairness hearing on February 13, 2008.  (*See* Doc. 104.)  On April 4, 2008, the Court entered an order approving the settlement and required the parties to file closing documents by April 25, 2008.  (Doc. 105.)

Closing documents were not filed by April 25, 2008.  Instead, the settlement appears to

have been held up because Defendant is concerned that Plaintiffs' former attorney, Charles Houssiere, may have asserted an attorney's charging lien against the settlement proceeds. (Docs. 109, 110.) In particular, Defendant asserts that Mr. Houssiere has contacted its counsel on several occasions and asserted that he believes that he has an attorney's lien on the settlement proceeds, and that, because of this potential outstanding claim, it cannot pay the settlement proceeds exclusively to Plaintiffs without risking a claim by Mr. Houssiere. (Doc. 110.)

Plaintiffs filed the present motion on April 25, 2008, asking the Court to extend the deadline for filing closing documents and to compel settlement based on a finding that Plaintiffs' former attorneys have not asserted a valid charging lien. (Doc. 109.) Defendant joins Plaintiffs in asking that the deadline for filing closing documents be extended, but requests that the Court order all settlement funds be deposited into the Court's registry while the issue of Mr. Houssiere's alleged lien is resolved. (Doc. 110.)

**II.   ANALYSIS**

In New Mexico, there are four requirements for an attorney charging lien. *Rangel v. Save Martin, Inc.*, 142 P.3d 983, 987 (N.M. App. 2006); *Sowder v. Sowder*, 977 P.2d 1034, 1037 (N.M. App. 1999). First, there must be a valid contract, either express or implied, between attorney and client. *Sowder*, 977 P.2d at 1037. The contract, however, need not "'explicitly assert a lien against the client's recovery.'" *Id*. (quoting *Cherpelis v. Cherpelis*, 959 P.2d 973, 977 (N.M. App. 1998)). Second, there must be a fund recovered by the attorney. *Sowder*, 977 P.2d at 1037. To have "recovered" a fund, the attorney need not represent the client at the time of judgment, but rather must have made significant contributions to the case. *See Rangel*, 142 P.3d at 989. Third, "clear and unequivocal" notice of intent to assert a lien must be given to "appropriate parties." *Sowder*, 977 P.2d at 1037. This includes not only opposing party and its

counsel, but also the attorney's own client. *Id*. Additionally, the attorney claiming a lien should file notice in the court file if the suit is pending. *Thompson v. Montgomery & Andrews*, P.A., 816 P.2d 532, 535 (N.M. App. 1991). Fourth, the lien must be timely asserted. *Sowder*, 977 P.2d at 1039. "If an attorney seeks to assert a lien, but does so only after distribution of the proceeds of the judgment, his notice, even if given to all appropriate parties, is too late and the lien is lost." *Id.*

In this case, it does not appear that Mr. Houssiere has satisfied the notice requirement.[1] First, Mr. Houssiere contacted only Defendant's counsel and not all appropriate parties. *Sowder*, 977 P.2d at 1037. Second, Mr. Houssiere's communications with Defendant and its counsel were not "clear and unequivocal." *Id*. Instead, he has asserted only that he "believes he has an attorney's lien." (Doc. 110 at 1.) Third, Mr. Houssiere has not filed notice of the lien in the court file, as this issue is before the Court only on Plaintiffs' motion to compel settlement. *Thompson*, 816 P.2d at 535 ("[T]he attorney has to be first responsible for protecting himself . . . "). Accordingly, I must conclude that a valid charging lien does not exist in this case.[2] A copy of these findings will be sent to Mr. Houssiere.

### III.     RECOMMENDATION

It is hereby recommended that Plaintiffs' Motion to Extend Deadline for Filing Closing Documents and to Compel Settlement (Doc. 109) be **GRANTED**, and that the Court direct the settlement proceeds to be distributed to Plaintiff and Plaintiff's present counsel only free of any

---

[1] It is unknown whether the contract requirement has been satisfied.

[2] Incidentally, it cannot be said that Mr. Houssiere has failed to act because he has not known that the case settled. Copies of the present motion, Defendant's response, and Plaintiffs' reply were each sent to him. (*See* Docs. 109-11.)

attorney charging lien of Mr. Houssiere**.**   Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102. A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE